Wright, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal by the plaintiff of the trial court’s refusal to award treble damages on her G.L.c. 149, §§148, 150 claim for unpaid wages. The plaintiff also challenges the amount of reasonable attorney’s fees assessed by the court.
Plaintiff Amanda Bollen worked as a camp counselor from June 20,1998 to July 16, 1998 at a summer camp in West Stockbridge, Massachusetts operated by defendant Camp Kingsmont (“Camp Kingsmont”). The plaintiff received $100.00 for her four weeks of employment, and Camp Kingsmont refused her demand for the remaining $550.00 in wages owed to her. On December 1, 1998, the plaintiff filed an administrative wage complaint with the Office of the Attorney General, which responded with a letter of its assent to the plaintiffs prosecution of a private civil action against Camp Kingsmont.
On March 18, 1999, the plaintiff commenced this G.L.c. 149, §150 suit to recover treble damages of $1,650.00 for unpaid wages, plus statutory attorney’s fees and costs. Camp Kingsmont was served on June 2,1999, and failed to file an answer within twenty days of service. The trial court allowed the plaintiffs request for a default on July 12,1999.
On August 6, 1999, the plaintiff filed a Mass. R. Civ. P., Rule 55(b), motion for the entry of a default judgment in the amount of $1,650.00 in treble damages, $43.90 in costs and $1,800 in attorney’s fees. An affidavit of plaintiffs counsel’s time and charges accompanied the motion. After a hearing, at which Camp Kings-mont did not appear, the court assessed single damages in the amount of $550.00 only, and attorney’s fees of $500.00 plus costs. A default judgment was entered for the plaintiff in the amount of $1,150.00 plus costs of $153.90. This appeal followed.
1. A plaintiff who prevails in a G.L.c. 149, §150 action on a claim for unpaid wages or other benefits withheld by an employer in violation of G.L.c. 149, §148 is entitled as a matter of law to an award of treble damages. Chiappetta v. Lyons, 1999 Mass. App. Div. 276, 279. Section 150 grants an employee or former employee a right of redress for unpaid wages in the form of a “civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages or other benefits.” As we stated in Chiappetta:
Both the language of the statute and its underlying Legislative intent indicate that an award of treble damages is mandatory upon any finding of a failure to have paid wages in violation of §148. ... [A] mandatory award [is] consonant with the general purpose of multiple damages provisions by which the Legislature has traditionally ‘declared its displeasure with the described acts, sought to deter their commission and encouraged vindictive lawsuits if wrongdoing was not stemmed.’
*57 Id. at 279, quoting from Hampshire Village Assoc. v. District Court of Hampshire, 381 Mass. 148, 151 (1980).
The trial court’s assessment, therefore, of only $550.00 in single damages on the plaintiffs uncontested complaint for unpaid wages was error. The plaintiff is entitled in this action to an award of $1,650.00 in treble damages.
2. There was no reversible error, however, in the trial court’s assessment of $500.00 in attorney’s fees.
The determination of an amount which constitutes a reasonable attorney's fee in any given case is a factual determination, Mulhern v. Roach, 398 Mass. 18, 23 (1986), which rests largely within the broad discretion of the trial judge. Fontaine v. Ebtec Corp., 415 Mass. 309, 324 (1993); Tarpey v. Crescent Ridge Dairy, Inc., 47 Mass. App. Ct. 380, 392 (1999);Montello v. Smith, 1998 Mass. App. Div. 43, 47. The standard for appellate review of a trial judge’s fee assessment is thus appropriately narrow. Case law instructs that “due deference” is to be accorded a trial judge’s “firsthand knowledge of the services performed” before him or her, Homsi v. C.H. Babb Co., 10 Mass. App. Ct. 474, 482 (1980), and that the judge’s evaluation of the objective worth of such services cannot be disturbed unless it is clearly erroneous or constitutes an abuse of discretion. Cargill, Inc. v. Beaver Coal & Oil Co., 424 Mass. 356, 363 (1997); Weinstein v. Steigman, 1983 Mass. App. Div. 288, 289.
In the instant case, plaintiffs counsel contends that because his affidavit of what he deemed reasonable time and charges was uncontested, the judge was required to award the full amount of attorney’s fees sought. A judge’s task in assessing counsel fees is not, however, so restricted to the rubber stamping of unchallenged billings or to the simple multiplication of stated hours and rates. The court is obligated to exercise its “independent judgment” as to the reasonableness of the requested fee, Stowe v. Bologna, 417 Mass. 199, 204 (1994), based on the familiar factors outlined in Linthicum v. Archambault, 379 Mass. 381, 388-389 (1979) and so often reiterated.[1] Utilizing such factors, the judge may well have concluded herein that the plaintiffs recovery by default on a straightforward, uncontested claim for a sum certain did not justify the full amount of the fees sought by plaintiffs counsel.[2] While we may deem the court’s assessment of $500.00 as extraordinarily modest,[3] the standard of appellate review of an assessment of attorney’s fees is not substituted judgment. Taupa Lithuanian Fed. Cr. Union v. Bajercius, 1997 Mass. App. Div. 31, 33 n.5. See generally Scannell v. Ed. Ferreirinha & Irmao Lda., 401 Mass. 155, 160 (1987); Coady v. Stack, 1995 Mass. App. Div. 135, 137.
3. Exercising our discretion, we conclude that an award of attorney’s fees on this appeal pursuant to G.L.c. 149, §150 is appropriate. See Patry v. Liberty Mobile Home Sales, Inc., 394 Mass. 270, 272 (1985). Based on controlling factors and plaintiffs counsel’s affidavit of time and charges, we hereby assess $2,500.00 in counsel fees.
Accordingly, the trial court’s judgment, is vacated. Judgment is to be entered for *58 the plaintiff in the amount of $1,650.00 in statutory treble damages, $500.00 in trial court attorney’s fees, $2,500.00 in appellate attorney’s fees, $153.90 in trial court costs, and appellate costs in an amount to be assessed by the trial court clerk pursuant to Dist./Mun. Cts. R. A. D. A., Rules 26(c) and (d), upon submission of the required documentation by the plaintiff.
So ordered.

 See, e.g., Fontaine v. Ebtec Corp., supra at 325; Olmstead v. Murphy, 21 Mass. App. Ct. 664, 665 (1986); Hanner v. Classic Auto Body, Inc., 10 Mass. App. Ct. 121, 123-124 (1980); Locke v. Austin, 1999 Mass. App. Div. 257, 259.

 Contrary to the plaintiffs contention, the judge was not required to make written findings explaining his assessment of attorney’s fees. Mass. R. Civ. R, Rule 52(c). See generally Tamber v. Desrochers, 45 Mass. App. Ct. 234, 238 (1998); Cambridge Chamber of Commerce v. Central Square Ins. Agency, Inc., 1999 Mass. App. Div. 27, 29.

 The services provided by plaintiffs counsel included not only the preparation and filing of the complaint, request for default and request for default judgment, but also an appearance and argument at the Rule 55(b) (2) hearing.