Horgan, J.
In 1997, the plaintiff filed a civil action in Bristol County Superior Court against the defendants for legal malpractice. In December 2000, the parties settled the malpractice lawsuit by agreeing that the plaintiff would file a stipulation of dismissal and the defendants would immediately pay her $3,000. The plaintiff filed the stipulation of dismissal hut the defendants did not make the agreed upon payment
On January 30, 2001, the plaintiff sent the defendants a demand letter seeking payment pursuant to the Consumer Protection Statute, G.Lc. 93A When the defendants did not respond to the letter by March 12, 2001, the Plaintiff filed this action for breach of contract and violation of G.L.c. 93A On March 26, 2001, the defendants sent a $3,000 check to the plaintiff and thereafter filed a motion to dismiss the complaint pursuant to Mass. R. Civ. R, Rule 12(b) (6), on the ground that they pad the amount owed under the settlement agreement The plaintiff did not file a written opposition to the defendants’ motion.
At the motion hearing, held on May 21, 2001, after hearing argument of both parties, the court ordered the defendants to pay the plaintiff $180.00 in costs on or before June 21, 2001 and further ordered that once this payment was made the complaint would be dismissed. The defendants filed an affidavit on May 29, 2001 certifying payment of the costs and the complaint was dismissed on May 31,2001.
The plaintiff has appealed, arguing that the court abused its discretion and Med to apply the appropriate legal standard under G.L.c. 93A[1] The defendants counter by arguing, inter alia, that G.L.c. 93A does not apply as the settlement agreement was not obtained in the course of “trade or commerce,” a requirement of G.L.c. 93A, §2 (“unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful”).
Discussion
Mass. R. Civ. E, Rule 12(b), states that when a motion to dismiss filed pursuant to subdivision (b) (6) is accompanied by matters outside pleadings, the court may treat *140 it as a summary judgment motion under Mass. R Civ. E, Rule 56.[2] In this case, the summary judgment standard is appropriate because the motion to dismiss was accompanied by an affidavit and exhibits showing the defendants’ payment Thus, the motion to dismiss both the contract and the G.L.c. 93A counts was based entirely on the defendants assertion that their debt to the plaintiff was paid. The defendants never raised or argued in their motion papers that a G.L.c. 93A claim did not lie against them because they had no relationship covered by the statute.[3]
The plaintiff filed nothing with the court opposing the motion to dismiss on any basis or showing the existence of a genuine issue that would require a trial on the merits. Because the complaint was unverified it did not have any evidentiary weight in determining whether a genuine issue of material fact existed and could not have carried the plaintiffs burden under Rule 56. See Mass. R Civ. E, Rule 56(e)[4]; Godbout v. Cousins, 396 Mass. 254 (1985).
The transcript from the motion hearing shows that both parties and the court discussed G.Lc. 93Ain the context of whether any damages were reasonable considering that the contract claim had been paid. The defendants raised at the motion hearing only in passing whether there was a relationship between the parties that would support a G.Lc. 93A claim.
As noted above, the position argued by the defendants in this appeal, i.e., whether the agreement between the parties was made in the course of “trade or commerce,” was not raised in the defendants’ motion to dismiss and mentioned briefly by the defendants at the hearing. As it is briefed for the first time in this appeal, we do not reach this question. See Valcourt v. Zoning Bd. of Appeals of Swansea, 48 Mass. App. Ct. 124, 130 (1999) (“The general rule is that an issue not raised in the trial court cannot be argued for the first time on appeal.’”).
What is clear from the transcript is that the court, applying a summary judgment standard, reviewed all the uncontested material facts as to the plaintiff’s claim and determined that, as a matter of law, G.Lc. 93A damages were not warranted. We agree and therefore dismiss the appeal.

 The “Statement of Issues Presented” submitted by plaintiff on appeal also addresses the dismissal of her contract claim, however, her appellate arguments focus solely on the G.Lc. 93A issue. Accordingly, we do not reach the contract issue. See Mass. R. A. R, Rule 16(a) (4) (“The appellate court need not pass upon questions or issues not argued in the brief.”)

 The relevant provision of Mass. R Civ. E, Rule 12, states:
If, on any motion asserting the defense number (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

 See Mass. R Civ. E, Rule 7 (b) (1) (a motion “shall be in writing, shall state with particularity the grounds therefor, and shall set for til the relief or order sought”); c.f. Parkman Equipment Corp. v. S.A.S. Equipment Co., Inc., 14 Mass. App. Ct. 938 (1982).

 Mass. R Civ. R, Rule 56(e), states in relevant part
When a motion for summary judgment is made and supported as provided for in this rule, an adverse party may not rest upon the mere allegations and denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.