Brennan, J.
Aggrieved by the trial judge’s failure to award treble damages pursuant to M.G.L.C. 149, §150, the plaintiff commenced this appeal in accordance with District/Municipal Courts Rules for Appellate Division Appeal, Rule 8A The facts and issues necessary for an understanding of this appeal are as follows.
Ronald D. Gibbs (hereinafter, plaintiff/appellant) was employed as a mechanic by Vernal T. Archie dba Mastertech Auto Services (hereinafter, defendant/appel-lee) . As a result of severe financial problems the defendant/appellee was unable to meet his payroll obligations. As a result the plaintiff/appellant was not paid for several weeks in the summer of 1999. In total, defendant/appellee failed to pay plaintiff/appellant wages amounting to $2,720.00. Plaintiff/appellant filed suit seeking lost wages and treble damages as well as attorney fees pursuant to M.G.Lc. 149, §115. A trial was held and on November 29,2001 the trial judge entered judgment in favor of the plaintiff and awarded damages in the amount of $2,720.00 plus interest and costs. Treble damages were not awarded. In the “Memorandum and Order” filed by the court the trial judge wrote
Mr. Archie was new to the role of sole proprietor. His wife, who helped with the office work, was similarly inexperienced.... Mr. Archie and his wife, who were trying to keep a business afloat during a difficult financial period, did not refuse to pay wages out of any malice or deliberate withholding of available funds. Mr. Archie’s conduct was not outrageous or reckless such that treble damages would be justified....
Plaintiff/appellant filed a “Motion to Amend Conclusion of Law and Direct Entry of a New Judgment,” which was denied. Plaintiff/appellant was, however, awarded attorney’s fees in the amount of $7,000.00.
The sole issue in this case is whether the plaintiff/appellant is entitled to treble damages as a matter of law pursuant to M.G.L.C. 149, §§148-150, after having pre-valed on his claim for non-payment of wages.
M.G.L.c. 149, §148 provides that
Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him....
M.G.L.C. 149, §150 provides that
Any employee claiming to be aggrieved by a violation of section 148A... may... prosecute ... a civil action ... and any damages incurred, including treble damages for any loss of wages and other benefits. An employee so *206 aggrieved and who prevails in such an action shall be entitled to an award of tiie costs of the litigation and reasonable attorney fees.
Plaintiff/appellant further relies on Graciela Chiappetta v. James J. Lyons, Jr., 1999 Mass. App. Div. 276 and Amanda Bollen v. Camp Kingsmount, 2000 Mass. App. Div. 56 as authority for his entitlement to treble damages. In Chiappetta the court found for the plaintiff on the claim of unpaid wages, but did not treble those damages. In considering the issue of treble damages, the court in the Chiappetta case concluded that
The obvious intent of this statute was to protect employees seeking redress for violations of the wage and hour provisions of G.L.c. 149. Mello v. Stop & Shop Cos., Inc., 402 Mass. 555, 557 (1988). Both the language of the statute and its underlying Legislative intent indicate that an award of treble damages is mandatory upon any finding of a failure to have paid wages in violation of section 148. If, in enacting this provision, the Legislature had intended an award of treble damages to be discretionary with a trial judge, it would have utilized language similar to that of other statutory provisions in which multiple damage awards are unquestionably discretionary ... as the Legislature was capable of clearly articulating a discretionary punitive damage provision but chose not to do so, it intended the treble damage provision of section 150 to be mandatory, not discretionary.
The court went further by stating that
A mandatory award of treble damages under G.L.c. 149, §150 obviously serves the salutary purposes of deterring employers from taking advantage of their employees and of compensating employees for the time during which they have been deprived of their earned wages.
Relying on the Chiappetta decision, the court in Bollen v. Kingsmount held that
A plaintiff who prevails in a G.L.c. 149, §150 action on a claim for unpaid wages or other benefits withheld by an employer in violation of G.L.c. 149, §148 is entitled as a matter of law to an award of treble damages.
For the reasons stated above the Plaintiff/Appellant’s appeal is allowed, judgment is to be entered for plaintiff/appellant in the amount of $8,160.00 plus interest and costs and reasonable attorney fees.