Gardner, J.
James A. Randolph, III (“Randolph”) commenced this suit against his former employer, Madison Square Realty Management, Inc. (“Madison Square”), and its officers to recover treble damages and attorney’s fees for Madison Square’s alleged violation of G.L.c. 149, §§148, 150 in failing to pay wages earned by him. Madison Square counterclaimed for Randolph’s breach of contract in failing to pay the outstanding balance on a loan. After a jury verdict in his favor for zero damages, Randolph has appealed the trial judge’s refusal to award him statutory punitive damages. The record indicates that Randolph worked for Madison Square for approximately seven months at gross weekly wages of $675.00 ($553.50 after taxes). His employment was terminated in November, 2003.
In July, 2004, Randolph filed this action against Madison Square, its president, Lester Seidman (“Seidman”), and its treasurer, Anthony Miller (“Miller”), alleging that the defendants had required him to work a minimum of forty-five hours a week, but paid him for only forty hours a week; and that they had failed to compensate him for an additional 125 hours of work. Randolph sought treble damages for the defendants’ failure to pay wages in violation of G.L.c. 149, §§148, 150, and failure to pay overtime in violation of G.L.c. 151, §§1A, IB.
The defendants joined in a single answer, and Madison Square counterclaimed separately for breach of contract and defamation. As to the breach of contract count, Madison Square alleged that it had loaned $1,000.00 to Randolph in exchange for his promise to repay the loan by cash or check, or by supplying fill to a property managed by Madison Square. Because Randolph had not made any loan payment, Madison Square “set-off’ Randolph’s last paycheck, in the amount of $553.50, against the $1,000.00 he owed, and counterclaimed for the unpaid balance of $446.50.
The case proceeded to a jury trial. On the final day of trial, August 6, 2007, the judge allowed Randolph’s directed verdict motion on Madison Square’s counter *187 claim for defamation, and allowed Miller’s summary judgment motion on Randolph’s claim for overtime. He also submitted special verdict forms to the jury. As to Randolph’s claims, the jury answered “yes” to the question “Was... Randolph ... employed as a bona fide executive, or administrative, or professional person exempt from the overtime pay requirements of G.L. Chapter 151?” The jury also answered “yes” to the question “Did ... Madison Square ... fail to pay... Randolph ... any money he was owed for the last week he worked at Madison Square... within seven days following the end of this work week?” The jury found, however, that Randolph suffered no damages, and awarded him zero dollars.
As to Madison Square’s counterclaims, the jury answered “yes” to the question “Did... Randolph... breach an oral agreement he had with Madison Square... by failing to repay a loan.” The jury returned a verdict that Randolph owed Madison Square $446.50 “for said loan.”
On August 9, 2007, the trial judge entered judgment for Randolph in the amount of $0.00, plus $236.88 in costs; and entered judgment for Madison Square in the amount of $446.50, plus interest and costs. The court allowed Madison Square’s subsequent motion to strike the award of costs and fees, and denied Randolph’s August 16,2007 motion for judgment notwithstanding the verdict (judgment n.o.v.). This Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal by Randolph followed.[2]
1. We address at the outset the defendants’ argument that Randolph’s appeal should be dismissed for procedural noncompliance.
First, the defendants correctly note that Randolph’s notice of appeal omitted the “concise statement of the issues presented for review” that is mandated by Dist./Mun. Cts. R. A. D. A., Rule 3(c) (2). As Rule 3(c) expressly provides that the notice of appeal shall limit the scope of a Rule 8A or a Rule 8B appeal, the failure to specify any appellate issues is a serious procedural misstep that may properly warrant dismissal of an appeal. Arequipeno v. Hall, 2000 Mass. App. Div. 97, 98 n.3; East Coast Mechanical v. O’Leary, 1997 Mass. App. Div. 66. The defendants did not, however, move to dismiss Randolph’s appeal on that ground, and we decline to review an issue of law that was not raised in the trial court and is presented for the first time on appeal. Arequipeno, supra. Further, as the defendants’ objection to Randolph’s appeal on Rule 3(c) (2) grounds was presented only after both parties had fully briefed the issues central to that appeal, the absence of a prior designation of those issues in the notice of appeal is no longer relevant as a practical matter.
The defendants did, however, move to dismiss Randolph’s appeal for his failure to file a brief in compliance with the time requirements of Dist./Mun. Cts. R. A. D. A., Rule 8A(c). Specifically, Randolph seasonably filed his expedited appeal on October 2,2007, but did not file his brief until November 19,2007,23 days after the expiration of the prescribed time period. Although the motion judge mistakenly concluded at the outset that only the Appellate Division could dismiss an appeal *188 under Dist./Mun. Cts. R. A. D. A., Rule 19 (c) ,[3] he effectively extended the time periods for both parties by granting an additional 15 days after the date of the motion hearing to the defendants to file their appellees’ brief, and 10 days thereafter to Randolph to file a reply brief. When faced with a motion to dismiss an appeal, a trial court judge is certainly authorized to grant, in the exercise of his discretion, a Dist./Mun. Cts. R. A. D. A., Rule 14(b) extension of time to the offending party to remedy his procedural noncompliance. Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. That approach is preferable to the dismissal of an appeal on procedural grounds. We find no abuse of discretion in the trial court’s action in this regard, and elect to review Randolph’s appeal on the merits based on the issues that have been fully briefed by the parties.
2. In both his motion for judgment n.o.v. and brief to this Division, Randolph argues that because the jury found that Madison Square failed to pay his final weekly wages in violation of G.L.c. 149, §148,[4] he is entitled, as a matter of law, to treble the amount of that loss as damages under G.L.c. 149, §150, and to his reasonable attorney’s fees.[5] Subsumed within this argument, first, is the assertion that the jury’s finding that Madison Square failed to pay Randolph’s final weekly wages is inconsistent with its finding that Randolph suffered zero damages, and second, that an employee who prevails in an action for unpaid wages under G.L.c. 149, §148 is entitled, as a matter of law, to an award of treble damages under G.L.c. 149, §150.
*189 First, as to the jury’s answers to special questions, it is established that under Mass. R. Civ. R, Rule 49(a), “the jurors return answers to each question or each issue submitted to them.... The answers to the questions or issues submitted are considered a special verdict consisting of ‘a statement of facts the jury have found from which the judge determines the appropriate judgment.’” Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 800 (1987), quoting Commonwealth v. Licciardi, 387 Mass. 670, 675 (1982). “In determining whether there is an inconsistency in the jury’s answers, the answers are to be viewed in the light of the attendant circumstances, including the pleadings, issues submitted, and the judge’s [jury] instructions.” Id. See also Ward v. Perna, 69 Mass. App. Ct. 532, 536 (2007). “If the jury’s answers can be harmonized, they must be resolved so as to harmonize them.” Solimene, supra.
Because Randolph elected to proceed under Dist/Mun. Cts. R. A. D. A., Rule 8A, on this appeal, there is no transcript of the judge’s jury instructions. See Calloway v. Granitsas, 2004 Mass. App. Div. 53, 54. (“Rule 8A does not require a transcript or a record appendix.”). As to the pleadings, Madison Square alleged in its counterclaim that it had loaned $1,000.00 to Randolph in exchange for his promise to repay. After receiving no payment, Madison “set off... Randolph’s last paycheck, in the amount of $553.50, against the $1,000.00 he owed,” and alleged that “Randolph still owes ... $446.50, which represents the outstanding balance of the loan.” Further, in their combined answer to Randolph’s complaint, the defendants asserted in their sixth affirmative defense that “Defendants’ deduction from Plaintiff’s final paycheck of monies owed by Plaintiff to Defendant was a valid set-off under M.G.L.c. 149, §150.” Section 150 provides, in part: “On the trial no defense for failure to pay as required [under § 148], other than ... a valid set-off against the same ... shall be valid.”
As to the issues presented to the jury, in addition to whether Madison Square failed to pay Randolph’s final weekly wages and whether, and in what amount, he suffered damages, the jury was asked “Did ... Randolph ... breach an oral agreement he had with Madison Square... by failing to repay a loan,” and “what amount of money ... is owed by ... Randolph ... to Madison Square ... for said loan?” The jury answered “yes,” Randolph breached the loan agreement, and that he owed Madison $446.50.
In view of the pleadings and issues presented to the jury, the jury’s responses to the special questions regarding Madison Square’s liability and Randolph’s damages are not inconsistent. Finding that Randolph did not repay the loan, the jury offset his final weekly wages (net $553.50) against the $1,000.00 due, awarding no damages to Randolph and $466.50 in damages to Madison Square.
Second, with respect to treble damages, Randolph relies on Gibbs v. Archie, 2002 Mass. App. Div. 205 for the proposition that an employee who prevails in an action for unpaid wages under G.L.c. 149, §148 is entitled, as a matter of law, to an award of treble damages under G.L.c. 149, §150. Id. at 206. The Supreme Judicial Court, however, has since held in Wiedmann v. Bradford Group, Inc., 444 Mass. 698 (2005) that G.L.c. 149, §150 does not mandate an award of treble damages. Id. at 700. “[T]here is nothing in the plain language of the statute that requires an award of treble damages. The text of the statute states only that a plaintiff ‘may’ institute a suit for damages that includes a request for treble damages.” Id. at 709. *190 “[S]uch an award is in the judge’s discretion.” Id. at [6],[7]
3. Finally, Randolph made no argument in his motion for judgment n.o.v., or in his appellate brief, regarding the validity of the setoff by Madison Square. We decline, therefore, to address that issue. Uloth v. City Tank Corp., 376 Mass. 874, 883 (1978) (“A party who advances one theory as the basis for his motion for a directed verdict in the trial court cannot as of right challenge the denial of that motion on a different theory on appeal.”); Morris v. Centola, 2001 Mass. App. Div. 39, 40, citing Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4) (‘The Appellate Division need not pass upon questions or issues not argued in the brief.”) .[8]
Judgment affirmed. Appeal dismissed.
So ordered.

 Randolph presented no argument in his brief regarding the jury’s finding against him on his claim for overtime pay. His counsel conceded at oral argument that Randolph had not appealed that issue.

 Rule 19(c) states: “If an appellant fails to file a brief within the time provided by these rules, or within the time as extended by the trial court or Appellate Division, an appellee may move for dismissal of the appeal, or the Appellate Division may sua sponte dismiss the appeal.” The rule clearly contemplates a trial judge’s dismissal of an appeal, upon motion, for the appellant’s failure to file a timely brief. A trial court judge’s inherent authority to dismiss a noncomplying appeal is established. See Magni v. Patriot Home Improvement, 2008 Mass. App. Div. 21, 22 n.2 (signaling departure from rule of Whitney & Son, Inc. v. Construction Materials, Inc., 2002 Mass. App. Div. 74). See generally Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 331 n.5 (2002).

 Section 148 of G.L.c. 149 states, in relevant part: “Every person having employees in his service shall pay weekly or hi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week. ...”

 General Laws c. 149, §150 states, in relevant part: “Any employee claiming to be aggrieved by a violation of section 148 ... may ... institute and prosecute in his own name ... a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits. An employee so aggrieved and who prevails in such an action shall be entitled to an award of the costs of litigation and reasonable attorney fees.”

 Effective July 13, 2008, G.L.c. 149, §150 was amended to provide that “[a]n employee so aggrieved [by a violation of G.L.c. 149, §148] who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall be awarded the costs of the litigation and reasonable attorneys’ fees.” St. 2008, c. 80, §5.

 Randolph argues in his brief that "even if the Court finds that the Plaintiff is not entitled to triple damages as a matter of law, the trial Court should have made finds [sic] as to why they did not triple the award.” Randolph cites no authority in support of that proposition, however. More significantly, there is no indication in the Rule 8A record on this appeal that Randolph ever raised the issue about findings in the trial court. As the defendants correctly argue, the issue cannot be raised for the first time on appeal. See generally Marchand v. Grayer, 2002 Mass. App. Div. 139, 140.

 We note briefly that G.L.C. 149, §150, which limits the defenses available to an employer for nonpayment of wages, provides that “[t]he attorney general may make complaint or seek indictment against any person for a violation of section 148. On the trial no defense for failure to pay as required, other than ... a valid set-off against the same... shall be valid.” There are no reported cases construing or applying this “valid set-off’ defense. It is thus unsettled, in the first instance, whether the defense applies only to cases brought by the Attorney General under §150, first par., or whether, as Madison Square assumes, the defense is available in civil actions brought by aggrieved employees under §150, second par. Further, even if employers may use this defense in suits by employees, we find nothing in the record, or in the public policies underlying the statute, to permit Madison Square’s use of the defense to set off completely Randolph’s last weekly wages. Commentators instruct that “[n]o deductions from wages, other than those required by law, may be made without the employee’s written consent and the consent of the Attorney General if such deductions would bring the employee’s wages below the minimum wage.” S.C. MORIEARTY, J.F. ADKINS, L.F. RUBIN & DJ. JACKSON, EMPLOYMENT LAW §14.8, at 703 (2d ed. 2003). See also J.L. HIRSCH, LABOR AND EMPLOYMENT IN MASSACHUSETTS §2.7(d) (2d ed. 2008) (recommending that employers intending to rely on setoff as defense for nonpayment of wages have pre-existing policy signed by employee). Based on the Rule 8A record before us in this case, there was no evidence that Madison Square obtained such written consent from Randolph.