Singh, J.
Plaintiff Pauline Civetti (“Civetti”) brought this action against defendant Mark Petti, Trustee of 6-8 Brook Street Realty Trust (“Petti”), to recover damages for injuries sustained in a fall at her home, an apartment she rented from Petti. Civetti claimed that she fell down a set of stairs because she caught her shoe on a nail that was protruding in the stairway, and that the fall was caused by Petti’s negligence in maintaining the property. After trial, a jury found that Petti was not negligent and judgment was entered in his favor.
Civetti appealed, alleging that the trial judge erred in denying her request for jury instructions on the issues of the covenant of quiet enjoyment and the implied warranty of habitability, and in denying her proposed verdict slip regarding those issues. Civetti also contends that the trial judge erred in ruling that a letter from her doctor to her lawyer regarding her medical condition be redacted prior to submission to the jury.
On the evidence at trial, the July could have found the following facts. In August, 2003, Civetti moved into 8 Brook Street, a second-floor apartment in Brockton she shared with her sister. Another sister lived in the first-floor apartment with her son and daughter-in-law. After learning that Petti intended to raise the rent, Civetti and her sister prepared a list of items that needed attention in their apartment and sent the list to Petti. The list did not include any reference to the stairway leading up to the apartment. Civetti and her sister also called the board of health to inspect the premises. After inspection, the board of health sent a November 13, 2003 order to Petti to correct certain conditions in the apartment, including the repair of treads and the installation of a railing along a portion of the stairway in question. Petti was unable, however, to gain access to the property to make the repairs because he did not have keys; the locks had been changed by the tenants. In addition, *27 Civetti’s sister insisted that no workers be allowed into the apartment until after the holidays.
On the afternoon of Saturday, December 13,2003, Civetti walked out of her apartment and, as she started down the stairs to the first floor, felt her left foot get caught on something. She lost her balance and fell forward, landing at the bottom of the stairs and injuring her left side shoulder, elbow, and wrist. Civetti’s two sisters came out of her apartment to her aid. When they looked up at the stairs, they noticed a nail protruding approximately one-eighth to one-sixteenth of an inch from the seventh stair down from the top. Prior to the accident, no one had noticed the nail. Civetti was taken to the hospital where her shoulder, elbow, and wrist were treated. She wore a cast on her hand and a brace on her elbow for three weeks and later underwent physical therapy.
1. As a preliminary matter, Petti argues that we should not consider Civetti’s appeal because her brief was filed more than 30 days after the Dist./Mun. Cts. R. A. D. A., Rule 10, notice of receipt of Rule 8C Appeal and briefing schedule issued to the parties by this Division. See Dist./Mun. Cts. R. A. D. A., Rule 19(a) (for appeals under Rule 8C, appellant “shall serve and file his or her brief within thirty days after notice from the Appellate Division of receipt of the appeal from the trial court”). Because the parties have fully briefed the issues, we elect in our discretion, Dist./Mun. Cts. R. A. D. A., Rule 2, to review this appeal on the merits. See Randolph v. Madison Sq. Realty Mgm., Inc., 2008 Mass. App. Div. 186, 187.
2. There was no error in the trial judge’s refusal to give the jury instructions and special questions requested by Civetti on any breach of either the covenant of quiet enjoyment or the implied warranty of habitability. The judge’s decision to limit the instructions and special questions to the cause of action actually pleaded in the complaint was a proper exercise of his discretion. See Bouley v. Reisman, 38 Mass. App. Ct. 118, 121 (1995) (trial judge has considerable discretion in framing jury instructions). Civetti’s complaint set forth a single cause of action — common law negligence. The complaint did not even identify the parties as having a landlord-tenant relationship, ordinarily a predicate for at least quiet enjoyment claims. As the case progressed through the different stages of discovery, motions, and the pretrial conference, the issue of negligence remained the sole focus.
Civetti delayed until trial to request that the judge instruct the jury on two additional, entirely new causes of action. Civetti now contends that Petti would not have been prejudiced because he was well aware of the possibility of these issues arising, as evidenced by the citation of a case in his motion for summary judgment that mentioned the same theories. Contrary to Civetti’s argument, however, the trial judge could properly have determined that the introduction of two new causes of action at the beginning of trial would have prejudiced Petti by forcing him to proceed without any opportunity for discovery, pretrial motions, or even trial preparation on these new claims. In analogous circumstances, no abuse of discretion in the denial of a motion for complaint amendment is generally found when the opposing party would be prejudiced by the addition, on the eve of trial, of new claims or theories of recovery. See Leonard v. Town of Brimfield, 423 Mass. 152, 157 (1996); Hamed v. Fadili, 408 Mass. 100, 105-106 (1990); Stone v. W.E. Aubuchon Co., 29 Mass. App. Ct. 523, *28 526 (1990).[1]
3. It is unnecessary to address the remaining issue raised by Civetti of the propriety of the court’s order for the redacted doctor’s letter that was introduced into evidence. The issue was material to the claim of negligence. Based on the evidence at trial, there was no error in the jury’s verdict for Petti on Civetti’s negligence claim.
Judgment affirmed.
So ordered.

 In any event, it is unlikely in the circumstances of this case that jury instructions or special questions on a new claim for at least breach of the covenant of quiet enjoyment would have resulted in a finding for Civetti. On the evidence presented, the jury properly found that Petti was not negligent. A landlord may not be held liable in negligence unless he has been afforded a reasonable opportunity to repair or remedy whatever condition on the premises caused the injuries of which the plaintiff complains. Young v. Garwacki, 380 Mass. 162, 170 (1980); Roderick v. Brandy Hill Co., 36 Mass. App. Ct. 948, 950 (1994). In this case, the evidence established that Petti was unable to make any repairs because the tenants had, literally, locked him out. Similarly, a breach of the covenant of quiet enjoyment based on a defect in the stairway would have required a consideration of whether Petti was negligent in failing to repair the defect, taking into account whether he had a reasonable opportunity to make such repairs after notice of the problem. See Al-Ziab v. Mourgis, 424 Mass. 847, 850-851 (1997) (" [T]o support the imposition of liability under the quiet enjoyment statute, there must be a showing of at least negligent conduct by a landlord. ...").
As to a claim for physical injuries (as opposed to economic loss) caused by an alleged breach of the warranty of habitability, the Supreme Judicial Court left open the question of whether the standard is one of negligence, requiring notice to the landlord of the defect or code violation, or strict liability. Scott v. Garfield, 454 Mass. 790, 796 n.8 (2009).