Welsh, J.
This is an action for property damages to a motor vehicle which was oper-áted by the defendant while in the employ of the plaintiff in St Thomas, Virgin Islands.[1]
The judge found for the plaintiff on the negligence count and awarded damages of $685.35. Judgment was entered on September 13,1996.
1. Although a notice of appeal was seasonably filed and an Expedited Appeal pursuant to Rule 8A Dist/Mun. Cts. E.1D.A was docketed, the notice of appeal substantially deviates from the requirements of Rule 3(c) (2) and (4) in that it does not include a concise statement of the issues of law presented for review and does not make reference to the rulings or other actions by the judge by which the appellant claims to be aggrieved. Failure to include an issue in the notice of appeal as required by Rule 3(c) DisL /Mun. Cts. R.AD.A forecloses appellant’s right to obtain appellate review under Rule 8A Dist/Mun. Cts. R. A. D. A. New England Technical Sales Corp. v. S.E.E.Q. Technology, Inc., 1996 Mass. App. Div. 191, 192. The requirement of specificity of the rulings or issues sought to be reviewed represents a significant departure from Rule 3(c) of the Mass. RAR counterpart. The notice of appeal filed in this case simply asserts that the appellant claims to be aggrieved by the judgment Rule 3(c) expressly provides that the notice of appeal shall limit the scope of appeal. We conclude that the complete omission of any statement of issues sought to be raised on appeal should result in a forfeiture of the right to appellate review. See Pettie v. The Stop & Shop Supermarket Company, 1996 Mass. App. Div. 41, 42.
2. Apar t from the non-compliance with Rule 3 (c), this appeal is flawed in another sig *67 nificant respect The appellant essentially seeks to have this court review the admission into evidence of a certain document purporting to be a repair bill for the vehicle in question, alleging that die document was hearsay and was admitted without foundation. In the absence of a transcript or an agreed summary as to the evidence or as to any offer of proof, it is virtually impossible to assess this claim of aggrievement on appeal. Also, in the absence of a transcript or an agreed summary of evidence we cannot determine whether any supposed error in the admission of the repair bill was cured by the reception of other competent evidence on the question of diminution of value. The burden rests upon appellant not only to demonstrate error but also to show that the error was prejudicial. MacDonald v. Adamian, 294 Mass. 187, 190 (1936); G.E.B. v. S.R.W., 422 Mass. 158, 169 (1996).
3. In any event, the appellant’s claims of aggrievement are devoid of merit Whether or not there was proof of ownership by the plaintiff on the date of the acddent causing the property damage is beside the point, in view of the judge’s implicit finding that the plaintiff had a sufficient possessory interest in the vehicle to bring this action for damages. Associates Discount Corp. v. Gillineau, 322 Mass. 490, 493 (1948). Even if we were to conclude that the admission into evidence of the repair bill was erroneous, we would hold that such error was harmless. See Corrado v. Rolland, 355 Mass. 796 (1969). We note that the judge awarded damages substantially less than that shown on the repair bill. While damages must be reasonably ascertainable from the evidence [(See Stuart v. Brookline, 412 Mass. 251, 256, 257 (1991)], plaintiff is not required to establish the damages with the precision of a mathematical demonstration. Bond Pharmacy, Inc. v. Cambridge, 338 Mass. 488, 493 (1959). We see no reason to disturb the judge’s estimate of damages even if based upon somewhat meager evidence. Carlo Bianchi & Co. v. Builders Equipment and Supply Co., 347 Mass. 636, 646 (1964). The judge was not precluded from applying his own experience and general knowledge in his determination of damages where the matter is one within common experience. Arlington Realty Corp. v. Bradley, 37 Mass. App. Dec. 36, 38 (1967).
Appeal dismissed.
So ordered.

 There were additional counts seeking recovery for allegedly failing to complete the term of employment and for using the vehicle without plaintiff’s authori-zatio66n. These counts were not the subject of this appeal.