Barrett, J.
The plaintiff, 15-17 University Road, LLC (“University”), brought this summary action against Jennifer Lucas (“Lucas”) because it wanted to convert her rental unit into a condominium. Pursuant to statute, University notified Lucas that she must vacate the premises at the expiration of one year, but that her tenancy could be extended for up two years if she qualified as a ‘low or moderate income tenant.”[1] Lucas, a full-time law student, advised University of her intention to remain as a tenant for the full two-year period on the basis of what she claimed was her low or moderate-income status.[2] University disputed her low-income status, initiated the eviction action, and proceeded to trial.
At trial, University argued that Lucas did not fall within the class of persons intended for protection by the statute, and further claimed that she was supported by her father and that his income should be added to hers, thereby disqualifying her as a low-income tenant under the statute.[3] The trial court rejected these contentions. In written findings, the court held there was no evidence that Lucas was supported by her father or that he resided at the premises. The court acknowledged that Lucas earned $70.00 in income in 2003, found she had $80,000.00 in educational loans and ruled that she qualified under the statute as a low-income person. The court also found in favor of Lucas on her counterclaim for breach of the implied warranty of habitability and awarded her $1,300.00 in damages.[4] University has appealed the judge’s findings and rulings that Lucas qualified as a low-income person within the meaning of the statute and introduced sufficient evidence to prevail on her counterclaim.
University brings this appeal under Dist./Mun. Cts. R. A. D.A., Rule 8A (Expedited Appeal). Expedited Appeals do not include a trial transcript as part of the *51 record; and they are particularly suited to only those cases in which the issues of law for appellate review are both limited in number and capable of precise and narrow definition, and in which the parties’ evidence is largely documentary or can be adequately and appropriately summarized without the need for a transcript. Massachusetts Higher Educ. Assistance Corp. v. McCarthy, 2000 Mass. App. Div. 76. Expedited appeals are ill-suited as a procedural method for challenging the sufficiency of evidence adduced at trial. During oral argument, University conceded that, without the transcript, this Division cannot determine the sufficiency of the evidence introduced in support of Lucas’s counterclaim. Therefore, that part of its appeal must fail.
University holds firm to its contentions that Lucas does not qualify as a low-income tenant, and that such issue can be fully addressed without need of a transcript. We disagree. The mere fact that Lucas is a student does not disqualify her under the statute. Nowhere in c. 527 is such a disqualification even suggested. And while University argued at trial, and again on this appeal, that the Legislature never intended to protect individuals such as Lucas, there is no historical evidence to support that contention. The only indication of what the Legislature may have intended may be gleaned from the emergency preamble to the statute:
Section 1. DECLARATION OF EMERGENCY. The general court finds and declares that a serious public emergency exists within the commonwealth with respect to the housing of a substantial number of the citizens of the commonwealth. This rental housing emergency has been created by the lack of sufficient new rental housing production, by prolonged increases in housing costs at a rate substantially exceeding increases in personal income, by housing abandonment, by increased costs of new housing construction and finance, and by increased residential mortgage interest rates. It has also been created by the effect of conversion of rental housing into condominiums or cooperatives. These forms of home ownership constitute an important and positive dimension in addressing the housing needs of the commonwealth. However, absent sufficient new rental housing production, such conversion necessarily reduces the stock of rental housing otherwise available. A substantial and increasing shortage of rental housing accommodations, especially for the elderly, the handicapped, and persons and families of low and moderate income, has been and will continue to be the result of this emergency. Unless the available stock of rental housing, and the tenants who reside therein, receive further protection from the consequences of conversion of said accommodations to condominiums and cooperatives than the law now affords, this rental housing shortage "will generate serious threats to the public health, safety, and general welfare of the citizens of the commonwealth, particularly the elderly, the handicapped, and persons and families of low and moderate income. It is therefore necessary that such emergency be dealt with immediately.
Nothing within that preamble indicates that tenants such as Lucas do not fall within the class of persons sought to be protected. As noted by the trial court, the wording of the statute is otherwise clear and unambiguous, so we need not delve into issues of statutory construction. Instead, the statutory language must be given its plain and ordinary meaning. State Bd. of Retirement v. Boston Retirement Bd., 391 Mass. 92, 94 (1984).[5] If Lucas’s income for the twelve months preceding *52 the date of notice was less than $46,300, she qualified under the statute.[6]
The only question remaining is whether or not there was sufficient evidence to support the trial judge’s finding that Lucas qualified as a low-income individual; that is, that her income was truly below $46,300. Under the statute, Lucas bore the burden of proving that she was a low-income tenant. University argues that the trial judge abused his discretion in finding that Lucas was a low-income person because she failed to provide sufficient evidence as to the source or amount of her “alleged” loans. University also argues that the trial court erred in failing to add Lucas’s father’s income to hers when determining whether she met or exceeded eighty (80%) percent of Brooldine’s median income. In order for University to prevail, we would have to conclude that the trial judge’s findings are not supported by any reasonable view of the evidence, including rational inferences of which the evidence was susceptible, and are thus clearly erroneous. Hurwitz v. Helen’s Bakery, Inc., 1992 Mass. App. Div. 88, 89, citing T.L. Edwards, Inc. v. Fields, 371 Mass. 895, 896 (1976). “A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.” J.A. Sullivan Corp. v. Commonwealth, 397 Mass. 789, 792 (1986), citing United States v. United States Gypsum Co., 33 U.S. 364, 395 (1948). On these questions we are again impeded by the lack of a transcript. The trial judge made specific findings as to Lucas’s income and liabilities. In particular, the court found she had loans amounting to $80,000 and yearly income of $70. As to her father’s financial involvement, the court found that he did not support Lucas and that he did not reside at the premises. No evidence of his income was ever produced. Without a trial transcript, we are unable to determine whether or not these findings were supported or controverted by the evidence introduced at trial.
University’s appeal is dismissed.
So ordered.

 “Low or moderate income tenant” [is defined as] a tenant who is a person or group of persons residing in the same housing accommodation so long as the total income for all such tenants for the twelve months immediately preceding the date of notice provided for hereunder is less than eighty per cent of the median income for the area set forth in regulations promulgated from time to time by the Department of Housing and Urban Development pursuant to 42 USC §1437 et seq., and calculated pursuant to said regulations. Section 3, Chapter 527, Acts of 1983.

 In support of her claim, Lucas provided University with a copy of her prior year’s tax return showing her earned income of $70.00.

 When Lucas entered into the lease, her father guaranteed her rental payments.

 Lucas claimed her apartment was infested with rodents.

 We do not agree with University that a literal reading of this statute will lead to an absurd or unreasonable result or conclusion.

 The parties agree that during the period in question, “moderate or low-income tenants” in the Town of Brookline, as defined by Chapter 527, were those persons or groups of persons living in the same household whose combined income for the preceding twelve months was less than $46,300.00.