LoConto, P.J.
The plaintiff commenced an action against the defendant for breach of contract and violations of the Consumer Protection Act, G.L.c. 93A, for its improper installation of vinyl siding, windows and gutters at her home. The defendant counterclaimed for the unpaid balance of the parties’ contract. A jury awarded the plaintiff $20,000.00 for breach of contract and awarded the defendant $1,500.00 on its counterclaim. After a bench trial on the consumer protection claim, the court found for the plaintiff and awarded her double damages, attorney’s fees and costs. It is from the defendant’s attempt to appeal the award on the consumer protection claim that these consolidated appeals arose. In the first appeal, the plaintiff challenges the court’s order vacating the first dismissal of the defendant’s appeal. The dismissal was as a result of the defendant’s failure to file timely an acceptable notice of appeal. Resolution of the first appeal requires an examination of the contents of the defendant’s notice of appeal and the grounds for permitting an enlargement of time to file the same. In the second appeal, the *22 defendant contests the correctness of the trial judge’s subsequent dismissal of its appeal.[2]
1. First Appeal. The defendant’s notice of appeal simply states that it is an appeal of the “Court’s decision with respect to Count II of the Plaintiff’s claim.” Unlike Mass. R. A. R, Rule 3(a), our rule requires the appellant to make reference in the notice of appeal to the rulings or other actions by the judge by which the appellant claims to be aggrieved. “Failure to include an issue in the notice of appeal as required by Rule 3(c) Dist./Mun. Cts. R. A. D. A. forecloses appellant’s right to obtain appellate review under Rule 8A [8B or 8C] Dist./Mun. Cts. R. A. D. A.” East Coast Mech. v. O’Leary, 1997 Mass. App. Div. 66. The defendant’s notice of appeal merely recites an objection to a decision reached by the court with respect to one count of the plaintiff’s complaint, and fails to identify any specific issue of law for appellate review. The failure to comply with the requirements of Rule 3(c) is fatal, and the defendant has forfeited any right to appellate consideration. Additionally, the rules require the appellant to file an additional document designating one of three alternative methods of appeal under Rule 8A, 8B or 8C of the Dist./Mun. Cts. R. A. D. A., and that this designation be made within the time prescribed by the respective rule. The appellant has never filed such a designation, nor has it requested additional time in which to file one. The appellant has woefully failed to taire the necessary steps to obtain appellate review, and for this reason, dismissal is the appropriate sanction.
The judge’s decision to vacate the dismissal and permit the defendant additional time to prosecute its appeal was conditioned on a showing by the defendant of “good cause.” “Good cause” under Rule 14(b) is the practical equivalent of “excusable neglect.” Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 418 n.8 (1989). “Excusable neglect calls for unique or extraordinary circumstances.” Mailer v. Mailer, 387 Mass. 401, 406 (1982). ‘The rules do not permit purely ‘routine’ extensions of time, and no party is automatically entitled to Rule 14(b) relief.” Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78, citing Westinghouse Elec. Supply Co. v. Healy Corp., 5 Mass. App. Ct. 43, 51 n.13 (1977), and Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 95. In counsel’s affidavit in support of the defendant’s motion to vacate the dismissal and enlarge the time, she stated that, “as the result of high temperature and excessive humidity,” the notice of entry of the amended judgment mailed by the trial court stuck to an advertiser’s catalogue and went unnoticed and undetected until after receipt of the notice of dismissal of the appeal. Although counsel also states that she made continual inquires with the clerk’s office regarding the availability of the tapes, there is no mention that she ever inquired about the judge’s expected ruling on the plaintiff’s motion to amend the judgment. Apparently, her focus on the unavailability of the tapes caused her to ignore the procedural steps necessary to effectuate her appeal. “[T]he responsibility for expediting appeals is ‘squarely on the appellant.’” McCarthy v. O’Connor, 398 Mass. 193, 199 (1986), quot *23 ing Mailer, supra at 407. The defendant has failed to demonstrate “good cause” or “excusable neglect” for ignoring this fundamental procedural requirement, or for relieving the defendant of the consequences of its failure to satisfy that requirement. The defendant's motion to vacate the dismissal should not have been allowed.
2. Second Appeal. Approximately four months after the court’s allowance of the defendant's motion to vacate the dismissal of its appeal, the plaintiff filed a renewed motion to dismiss the defendant’s appeal. The motion, supported by the affidavit of plaintiff’s counsel, relied on the failure of the defendant to file an appellee’s brief after service of the plaintiff’s brief on the plaintiff’s Rule 8A Expedited Appeal (first appeal). It also states that the clerk’s office did not transfer the case to the Appellate Division.[3] The plaintiff relies on the court’s inherent authority to dismiss an appeal. In essence, the plaintiff reiterates that the defendant’s appeal of the trial court’s decision awarding double damages, fees and costs should be dismissed for its failure to perfect the appeal. The court’s action of allowing the motion to dismiss the appeal and ordering an execution was proper for the reasons stated in our resolution of the first appeal. The defendant’s appeal of the court’s action is without merit and is dismissed.
Therefore, with respect to the first appeal, we order the clerk to enter an order reversing the trial court’s ruling vacating the initial dismissal of the defendant’s appeal; and, as to the second appeal, we order the clerk to enter an order that said appeal is dismissed. As a result, the decision of the trial court awarding the plaintiff double damages, fees and costs stands.
So ordered.

 The trial judge’s authority to dismiss an appeal was not an issue in either appeal. Our decision to disregard the issue constitutes a departure from our holding in Whitney & Son, Inc. v. Construction Materials, Inc., 2002 Mass. App. Div. 74. See Icelease Partners, Inc. v. Concert Equip. Corp., 2005 Mass. App. Div. 93.

 Rule 8A(c) requires that upon the expiration of sixty days from the filing of the expedited appeal, the clerk shall transmit to the Appellate Division copies of the expedited appeal and of briefs filed in accordance with the rule, and “ [s] aid transmission shall not be delayed by the failure of any party to file a brief within the required time period or any extension thereof.” The consequence of an appellee’s failure to file a brief is an inability to be heard at oral argument without specific permission by the Appellate Division. Rule 19(c).