RICHARD P. SPROWL *vs.* UNIVERSITY OF MASSACHUSETTS AT BOSTON & others.[1]
January 7, 2010. *Supreme Judicial Court,* Superintendence of inferior courts.

Richard Sprowl appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. We affirm.

In January, 2008, Sprowl commenced an action in the Superior Court against the University of Massachusetts and a number of university officials (collectively, the university defendants) alleging that the university had committed a breach of a contract with him and had defamed him. The claims stemmed from Sprowl's failure of a computer course in 2000, which, in turn, according to Sprowl, caused "the loss of three graduation credits, the nonissuance of a Bachelors Degree in Economics, [and] the loss of a [grade point average] of distinction." The university defendants moved to dismiss Sprowl's complaint on the basis that it failed to state a claim on which relief could be granted pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). The motion was allowed on June 25, 2008.

On July 1, 2008, Sprowl filed a notice of appeal. Then, more than six months later, on January 29, 2009, Sprowl filed a motion to vacate the judgment of dismissal pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974) (January 29 motion). Shortly thereafter, on February 6, 2009, Sprowl realized that the January 29 motion did not comply with the requirements of Rule 9A of the Rules of the Superior Court (2009). According to Sprowl, in a telephone call that he then made to the Superior Court, a clerk in the Superior Court assured him that the motion would be dismissed without prejudice and that he should refile the motion in compliance with Rule 9A. It appears that Sprowl then attempted to refile the motion, then in compliance with Rule 9A, on February 9, 2009 (February 9 motion). On February 17, on realizing that the refiled motion had not been docketed, Sprowl visited the clerk's office with

---

[1]Several university officials.

copies of the date-stamped February 9 motion papers, which were then date-stamped February 17, 2009. There is no indication on the docket that these papers were ever filed.[2] According to the docket, the university defendants filed their opposition to the January 29 motion (which they had received) on February 5 (before Sprowl tried to refile the motion on February 9). A judge in the Superior Court denied the January 29 motion the same day. The denial was docketed February 12.

On March 4, 2009, Sprowl filed in the county court a petition pursuant to G. L. c. 211, § 3, entitled "Plaintiff's c. 211 § 3 Petition for Relief of Superior Court's Destruction & Refusal to Re-Docket his February 9th, 2009, Rule 60(b)(6) Motion to Vacate Judgment to Dismiss Plaintiff's Claim for 'Wrongfully Deprived of 3 Graduation Credits & a Bachelors Degree in Economics' in Conjunction with a Rule 55(b)(2) Application for Judgment by Default." In the petition, Sprowl requested, among other things, that the court "review" the February 9 motion and vacate the judgment dismissing Sprowl's due process claim, which he asserts was raised in his complaint but which, according to Sprowl, the university defendants failed to address in their motion to dismiss and which the motion judge, in turn, failed to consider in dismissing Sprowl's complaint. A single justice denied the petition, and Sprowl appeals.

Sprowl appears to be trying, at the very least, to get the February 9 motion docketed and acted on in the Superior Court. Nowhere in his papers does Sprowl contend that the January 29 motion and the February 9 motion are different. To the extent that they are the same, the ultimate relief that Sprowl seeks — to have the motion acted on by the trial court — has already been granted. If the February 9 motion is different from the January 29 motion, then it should have been docketed in the trial court, and we trust that it will be. Even if that is the case, however, there was no error in the single justice's declining to exercise this court's extraordinary powers of superintendence in the circumstances of this case.

*Judgment affirmed.*

The case was submitted on briefs.

*Richard P. Sprowl*, pro se.

*Jean Marie Kelley* for the defendants.

---

[2]The docket does indicate that Sprowl filed a motion on February 17, 2009, but it does not appear to be the motion in question.

