Coven, J.
Plaintiff Salvatore Attachi (“Attachi”) brought this summary process action against not only Eda Kephart (“Kephart”), his tenant, but also William H. Walters (‘Walters”), a friend of Kephart’s who was neither a tenant, nor a resident, of the leased premises. Walters counterclaimed for Attachi’s unfair and deceptive conduct in instituting this summary process action against him, and the trial court entered judgment in Walters’ favor for G.L.c. 93A single damages and costs. Walters contends on this appeal that the trial judge erred in failing to award him statutory multiple damages, arguing that her subsidiary findings of fact required a finding as a matter of law that Attachi’s conduct amounted to a knowing and -wilful violation of G.L.c. 93A.
The trial judge’s extensive written findings of fact on Walters’ G.Lc. 93A counterclaim included the following: In 1996, Kephart rented a second-floor apartment of a two-family house in Medford that was owned by Attachi. At some point in 2004, Kephart experienced financial difficulties and was unable to pay her rent for three months. Walters, who lived in Cambridge, was a friend of Kephart’s family; he not only paid Kephart’s rent arrearage, but also continued to pay her monthly rent for approximately four years. When Kephart’s gas was later shut off for nonpayment, Walters also had that utility bill for Kephart’s apartment placed in his own name and paid the monthly bills. Attachi was aware at all times that Walters was not a tenant, had never lived in Kephart’s apartment, maintained his own home in Cambridge, and satisfied Kephart’s rent obligation solely out of his own generosity. At one point, Attachi attempted to get Walters to sign an agreement to be responsible for the rent for Kephart’s apartment, but Walters refused.
Walters was laid off from work in December, 2008, and could not continue his *166 assistance to Kephart. Kephart was unable to pay her rent for January and February, 2009. On February 2, 2009, Attachi issued a 14-day notice to quit that he addressed not only to Kephart, but also to Walters, at Kepharf s address. The notice stated that Attachi would commence legal proceedings against both Kephart and Walters unless the rent arrearage of $3,600.00 was paid within ten days. When no payment was made, Attachi commenced this summary process action against both Kephart and Walters for possession of the premises and unpaid rent. As noted, Walters counterclaimed for Attachi’s alleged violation of c. 93A[2]
The trial judge allowed summary judgment in favor of Walters on Attachi’s claim against him, and reserved decision on Walters’ c. 93A counterclaim. Both Attachi’s claim against Kephart and all but one of the defendants’ remaining counterclaims proceeded to a trial by jury. The jury returned a verdict in favor of Attachi on both his claims for possession and rent against Kephart, and on the defendants’ counterclaims for breach of the warranty of habitability and unfair or deceptive debt collection practices. The jury also returned a special verdict on Walters’ G.L.c. 93A counterclaim against Attachi, which the trial judge had submitted to the jury for an advisory opinion only. See Altschuler v. Lamond, 2006 Mass. App. Div. 141, 142, citing W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 753 (1993). The jury found that Attachi had not engaged in any unfair or deceptive trade practices.
The trial judge then decided Walters’ G.L.c. 93A claim. The judge found, inter alia:
Mr. Walters had been extraordinarily generous to Ms. Kephart and her family. He had stepped in with financial support to prevent the family from becoming homeless. Mr. Attachi sought to take that generosity and convert it into an obligation for his own benefit. The notice to quit put pressure on Mr. Walters to pay Ms. Kephartis debt in order to avoid a lawsuit against himself; he had no authority over Ms. Kephart to get her to vacate her apartment. While Ms. Kephart was likely judgment proof, Mr. Walters had significant earning capacity. Mr. Attachi named Mr. Walters in the notice to quit, not for a legitimate purpose, but for the ulterior purpose of getting someone with means but no obligation to pay the debt of someone else with obligation but without means. The Court finds this conduct to be unfair or deceptive. The Court further finds that the notice to quit was sent in the course of an eviction proceeding within the scope of Mr. Attachi’s business undertaking and that Mr. Walters suffered the reasonably foreseeable injury of having to retain counsel to defend the summary process action which followed. Although Mr. Attachi’s actions were intentional, the Court finds no willful or knowing violation. See Mass. Prac., 52 Law of Chapter 93A, §11.9, atn. 12 & 13 (2009).
The court entered judgment for Walters on his c. 93A claim, assessing both costs and single damages in the amount of those legal expenses Walters incurred in defending against Attachi’s summary process complaint. See Siegel v. Berkshire Life *167 Ins. Co., 64 Mass. App. Ct. 698, 703 (2005) (“If a c. 93A violation forces someone to incur legal fees and expenses that are not simply those incurred in vindicating that person’s rights under the statute, those fees may be treated as actual damages in the same way as other losses of money or property.”).
Walters’ sole argument on this appeal is that the trial judge was required to find as a matter of law that Attachi’s violation of c. 93A was knowing and wilful. While there is a superficial persuasiveness to Walters’ parsing of the judge’s subsidiary findings of fact, his characterization of his argument as one that can be decided on the face of the judge’s memorandum of decision is mistaken. The substance of Walters’ contention is that the judge’s finding was unsupported by the evidence or clearly erroneous.
It is elementary that, with due regard to the trial judge’s opportunity to observe the witnesses and assess the weight and credibility of the evidence, a reviewing court will not disturb a judge’s findings of fact unless they are clearly erroneous. Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 509-510 (1997). Factual findings are ruled clearly erroneous only when unsupported by the evidence or tainted by error of law, or when an appellate court, based on its review of “the entire evidence!,] is left with the definite and firm conviction that a mistake has been committed” (emphasis added). Haskel v. Versyss Liquidating Trust, 75 Mass. App. Ct. 120, 125 (2009), quoting Millenium Equity Holdings, LLC v. Mahlowitz, 73 Mass. App. Ct. 29, 36-37 (2008). A finding is not clearly erroneous when there is some evidence, or any reasonable inference to be drawn from the evidence, to support it. Yetman v. Cavanagh, 2007 Mass. App. Div. 162, 164 n.4; Brito v. Loft & Ladle Restaurant, 2006 Mass. App. Div. 115, 116. Similarly, when considering a claim that the evidence requires a finding as a matter of law, all of the evidence must be considered, and all rational inferences arising from that evidence must be drawn, in the light most favorable to the opposing party. Mizhir v. Carbonneau, 2010 Mass. App. Div. 57, 58; Pagliarulo v. Arbella Mut. Ins. Co., 2008 Mass. App. Div. 77.
Thus, any consideration of Walters’ argument would require a review of the trial evidence. Walters has not, however, provided a transcript of the evidence on this appeal, and has thus precluded appellate consideration of the very issue he has presented for review. See 15-17 Univ., LLC v. Lucas, 2006 Mass. App. Div. 50, 52 (absence of transcript prevented consideration of claim that findings were clearly erroneous); Oakwood Living Ctrs., Inc. v. Saquet, 2003 Mass. App. Div. 98, 99 (same). See also Viano v. Prevett, 2003 Mass. App. Div. 140 (absence of transcript prevented review of claim of insufficiency of evidence). Without any basis in the record for concluding that the judge’s G.L.c. 93A findings are clearly erroneous, we are compelled to leave those findings undisturbed. T.W. Nickerson, Inc. v. Fleet Nat'l Bank, 456 Mass. 562, 569 (2010).
Judgment affirmed.
So ordered.

 Additional counterclaims, unrelated to the issue on this appeal, were filed by the defendants.