Per Curiam.
Following the entry of judgment for the plaintiff in this security deposit case, the defendant filed an appeal alleging error in the trial court’s eviden-tiary rulings. The plaintiff moved successfully to dismiss the defendant’s appeal for her procedural transgressions, and the propriety of that dismissal order is the sole issue on this appeal.
The relevant facts are that plaintiff Renat Islamov (the “tenant”) commenced this G.L.c. 186, §15B action in the Gloucester Division of the District Court Department (“Gloucester”) to recover his security deposit from his former landlord, defendant Irene Tiomkin (the “landlord”). After a two-day trial in the jury session of the Peabody Division of the District Court Department (“Peabody”), a verdict was returned in favor of the tenant. The court awarded treble damages, interest, costs, and attorney’s fees to the tenant, and judgment was entered in his favor on August 14, 2009.
The case was electronically transferred from Peabody back to Gloucester on August 24, 2009. On the same date, the landlord filed a timely notice of appeal and filing fee in Gloucester, both of which were properly entered on the trial court docket. On August 27,2009, the landlord filed in Peabody, where the trial had been held, a request and payment for a cassette copy of the trial audio recording. The case file was returned to Gloucester on September 10,2009, and Gloucester properly docketed all rulings and filings made in Peabody, including the landlord’s August 27th cassette tape request.
On October 5, 2009, the tenant moved to dismiss the landlord’s appeal on the ground that she had failed, within 30 days after her notice of appeal as mandated by Dist./Mun. Cts. R. A. D. A., Rule 8C (b), to file a timely “appeal on the record of proceedings” designating her election to proceed to this Division under Rule 8C. On October 13,2009, the landlord filed in Gloucester (1) an appeal on the record of pro *14 ceedings, dated August 21,2009; and (2) the trial transcript.[3] Both filings were properly docketed.
At the October 20, 2009 hearing on the tenant's dismissal motion, the landlord presented for the first time what her attorney[4] claimed was a timely Rule 8C appeal on the record of proceedings by the landlord. Like the untimely Rule 8C designation filed on October 13, 2010, the new document also bore a typewritten date of August 21, 2009. Beyond that, both purported Rule 8C documents were different in format and content, the most striking difference being what appeared to be a Gloucester District Court date stamp of August 24,2009 on the newly produced document. The date stamp was the only evidence that the new document had been timely filed by the landlord. The record is clear that the new Rule 8C designation was never docketed; and no copy of the claimed document is in the trial court case file. No affidavit by the landlord describing and attesting to an August 24,2009 filing of the document was submitted. Ignoring obvious questions about the genuineness of the newly produced document, the landlord’s attorney merely stated that the new document proved the landlord’s compliance with Rule 8C(a) and (b) requirements and was sufficient to avoid appeal dismissal. The landlord did not request, in the alternative, any time extension or other relief.
The tenant argued at the hearing not only that the landlord’s new Rule 8C document was never filed in, or docketed by, Gloucester, and was not in the court file, but also that it had never been served on him. More significantly, the tenant’s attorney charged the landlord with actually manufacturing the date stamp on the document, contending that the landlord had, in fact, fabricated documents after the fact throughout the proceedings in this case, as evidenced in the trial transcript.[5] On this appeal, the tenant emphasizes that the date stamp on the newly advanced Rule 8C designation is identical in every respect to the genuine date stamp on the landlord’s notice of appeal, and suggests that the landlord “photo-shopped” or “cut and pasted” the valid August 24,2009 stamp on the notice of appeal onto a new document to cre *15 ate both a new Rule 8C designation and the false appearance of the timely filing of that designation. Finally, the tenant asserted that the landlord had violated other procedural mandates warranting the dismissal of her appeal, including a failure to serve the tenant with any Rule 8C designation, or to seek an agreement with him as to a valid transcriber or to have one selected by the court.
At the conclusion of the hearing, the court allowed the tenantis motion to dismiss the landlord’s appeal, and this appeal followed.
An appellee’s motion to dismiss a noncomplying appeal presents the trial court with three questions: whether, in fact, the appellant has violated a procedural requirement; whether that violation amounts to a “serious misstep,” Brown v. Quinn, 406 Mass. 641, 643-644 (1990), citing Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975), warranting appeal dismissal; and whether, even in the case of a serious misstep, the appellant has advanced good cause for a Rule 14(b) extension of time to correct the procedural noncompliance. See generally, as to Rule 14(b) relief, Lashus v. Slater, 2009 Mass. App. Div. 89, 93; Rocha v. Hanover Ins. Co., 2008 Mass. App. Div. 10, 11. In this case, the second and third questions are easily answered. The failure to file a timely appeal on the record of proceedings designating the appellant’s election to proceed under Rule 8C constitutes a serious procedural misstep, the “presumptive penalty” for which is the dismissal of the appeal. Soderlund v. Mosher, 2009 Mass. App. Div. 32, 33-34, quoting Georgantis v. Star Mkt. Cos., 2000 Mass. App. Div. 77, 78. See Brandt v. Patience, 2008 Mass. App. Div. 251, 252. Further, the landlord forfeited any opportunity in this case to remedy that alleged procedural violation by failing to file a Rule 14(b) motion. Relief pursuant to Rule 14(b) is neither automatically, nor routinely, granted. Magni v. Patriot Home Improvement, 2008 Mass. App. Div. 21, 22.
Thus, the dispositive question on this appeal is whether the landlord in fact violated Rule 8C(b) by failing to file a timely appeal on the record of proceedings. As noted, there is nothing in the record to support her eleventh hour claim of compliance with the rule other than the date stamp on a document she did not produce until the day of the hearing on the tenant's motion to dismiss. The motion judge may have reasonably drawn an inference adverse to the landlord from the facts that her purported Rule 8C designation was never entered on the docket and is not in the case file. Conversely, every other postjudgment filing in this case appears to have been docketed and maintained properly by the trial court clerk, including even the filings that the landlord made on August 24,2009 (notice of appeal and filing fee payment). Moreover, no explanation was offered at the hearing for an August 24th filing by the landlord of an appeal on the record of proceedings. As her notice of appeal was filed on August 24, 2009, her Rule 8C designation was not due for an additional 30 days, or until September 23,2009. Because the landlord did not include a request for a copy of the electronic recording of the trial in her notice of appeal, she was required by Rule 8C(b) to do so in her Rule 8C designation. It would have made little sense, therefore, to file that designation 30 days early, without the required recording request and before she actually filed that request in Peabody on August 27,2009.
But the most obvious question that the landlord failed to address at the motion hearing arises from her October 13, 2009 filing. If the landlord had actually filed a Rule 8C designation on August 24, 2009 and had an authentic date-stamped copy to *16 prove such timely filing, the question is why she then created a different Rule 8C designation after the tenant filed his appeal dismissal motion, backdated the document to August 21, 2009, and filed the same on October 13, 2009, only then to produce the purportedly genuine date-stamped designation a mere seven days later at the motion hearing.
Courts may consider, of course, a valid date stamp on a document as proof of timely filing when no entry on a trial court docket establishes such filing. See Sprowl v. University of Mass. at Boston, 455 Mass. 1018, 1018-1019 (2010); Hebner v. McMahon, 2008 Mass. App. Div. 253 n.1. But in this case, the genuineness of the date stamp itself has been called into question. Even a cursory examination of the stamp on the new Rule 8C appeal on the record of proceedings appears to support the tenant's assertion that it is identical to the valid date stamp on the notice of appeal, not only in the precise placement in exactly the same location on the document, but also in the shading and depths of the varying ink impressions on every letter and number of the stamped information. Even date stamps on documents simultaneously filed rarely, if ever, achieve such uniformity. In short, as the defendant-landlord has failed on this appeal to establish error, the allowance of the tenant’s motion to dismiss the defendant’s appeal is affirmed.

 The landlord clearly failed to comply with that portion of Rule 8C(c) that obligates an appellant to ensure that the transcriber, not the appellant, forward the original of the transcript directly to the trial court.

 The landlord retained counsel for the trial only, and discharged the attorney after the entry of judgment. A different attorney appeared for the landlord at the appeal dismissal hearing. At all other times, the landlord has been pro se in pursuing this appeal.

 The trial transcript is not before us. Some “carelessness” by the landlord, intentional or otherwise, in distinguishing documents filed in the trial court and properly part of the record from other papers is evident, however, even in the abbreviated appendix she prepared and filed on this appeal. Included in that appendix is a two-page opposition by the landlord to the tenant’s motion to dismiss her appeal. The opposition bears the name and address of the attorney who appeared for the landlord at the motion hearing, but was not signed by him. Nothing on the docket indicates that this opposition was ever actually filed in the trial court, and no reference to it, or attempt to introduce it, was made by the attorney during the motion hearing. Yet the landlord included it in what she has filed as the trial court record.