Per Curiam.
This is an appeal by defendants Eric Wright (‘Wright”) and Komeeka Farm & Equestrian Center (“Komeeka”)[2] of the trial court’s allowance of the plaintiffs’ motion to dismiss their appeal for procedural noncompliance.
Kimberly Smith (“Smith”) commenced this action against Wright and Komeeka (“defendants”), her neighbors, claiming trespass and intentional infliction of emotional distress arising from the defendants’ alleged illegal entry onto Smith’s Tyngsborough property, destruction of a greenhouse, and noisy use of farm equipment on the defendants’ own property. The defendants filed an answer and a third-parly action against Kevin Riley (“Riley”), Smith’s boyfriend. Riley then counterclaimed against the defendants.
After a four-day trial, a jury returned verdicts for Smith and Riley (“plaintiffs”) on all claims and counterclaims. The jury awarded Smith $109,076.36 in damages, interest, and costs, and awarded Riley a total of $32,129.71. After the trial courts denial *156 of the defendants’ motions for judgment notwithstanding the verdict (“judgment n.o.v.”), for a new trial, and for an amendment of judgment or a remittitur, judgment for the plaintiffs was entered on March 26, 2009.
The defendants filed a timely notice of appeal and filing fee on March 31, 2009, only five days after judgment and well within the ten-day filing period prescribed by Dist./Mun. Cts. R. A. D. A., Rule 4(a). On April 10,2009, the plaintiffs filed a motion to strike the defendants’ notice of appeal, to dismiss the defendants’ appeal, and for the issuance of execution. As grounds therefor, the plaintiffs complained that the defendants’ notice of appeal was defective in that it failed to list the issues and rulings of law being appealed as required by Dist./Mun. Cts. R. A. D. A., Rule 3(c).[3] On April 29, 2009, the defendants filed a motion to amend, supplement, or correct their notice of appeal or, in the alternative, for additional time pursuant to Dist./Mun. Cts. R. A. D. A, Rule 4(c), to file a new notice of appeal. An amended notice of appeal with a list of issues and rulings was appended to the motion. The plaintiffs responded with an opposition to the defendants’ motion, and the defendants filed a “reply brief’ in opposition to the plaintiffs’ opposition. After a hearing, the trial judge allowed the plaintiffs’ motion to dismiss and denied the defendants’ motion. This appeal followed.
Three issues are presented by a motion to dismiss an appeal for procedural noncompliance. Islamov v. Tiomkin, 2011 Mass. App. Div. 13, 15. They are whether the appellant has, in fact, violated a procedural requirement, whether the violation constitutes a “serious misstep” warranting appeal dismissal, and whether the appellant has advanced good cause for any extension of time that may be needed to correct the violation. Id. Dispositive of this case is the second issue, namely, whether the failure to list issues and rulings in a notice of appeal mandates appeal dismissal.
Rule 3(a) of the Dist./Mun. Cts. R. A. D. A. states, in relevant part, that the “[failure by an appellant to take any step other than the timely filing of a notice of appeal and payment of the filing fee shall not affect the validity of the appeal.” We quote this provision at the outset to emphasize the elementary point that, apart from an untimely or an unpaid commencement of an appeal, not every instance of procedural noncompliance in every case automatically warrants dismissal of an appeal. The general guidelines for assessing the significance of an appellate procedural error and for fashioning an appropriate remedy or sanction remain those set forth in 1975 by the Supreme Judicial Court in Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74 (1975). In enunciating a “coherent rationale ... consonant with a modern view of the functions of litigative procedure,” id. at 79, the Court stated:
Sloppiness in following a prescribed procedure for appeal is not encouraged or condoned, but at the same time a distinction is taken between serious missteps and relatively innocuous ones. Some errors or omissions are seen on their face to be so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal. A prime example *157 is attempted institution of an appeal seeking judicial review of an administrative decision after expiration of the period limited by a statute or rule. The result in such cases is ... comparable ... to the dismissal of an original claim brought to a court after the running of an applicable statute of limitations. With respect to other slips in the procedure for judicial review, the judge is to consider how far they have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice. After such an assessment, the judge is to decide whether the appeal should go forward without more, or on terms, or fail altogether (citations omitted).
Id. Applying Schulte to the instant case required a preliminary determination by the motion judge of whether the defendants’ failure to identify trial court rulings or specify appellate issues in their notice of appeal as required by Rule 3(c) was “so repugnant to the procedural scheme, so destructive of its purposes” as to warrant, much less require, appeal dismissal.
Rule 3(c) content requirements for a notice of appeal are, as a practical matter, critical if the appellant elects to proceed byway of a Dist./Mun. Cts. R. A D. A, Rule 8A, expedited appeal, or a Dist/Mun. Cts. R. A D. A, Rule 8B, agreed statement of the case. A specification of issues and rulings permits the trial judge and the appellee to determine whether a Rule 8A expedited appeal prepared by the appellant is an accurate and objective trial court record sufficient to permit this Division’s review of the issues raised by the appellant. See Rothman v. Begley, 2000 Mass. App. Div. 280, 283. If not, then either the trial judge, or the appellee, may file an objection to the expedited appeal that automatically terminates the appellant's Rule 8A efforts. Rule 8A(b). See Gilmore v. Gilmore, 2005 Mass. App. Div. 81, 82. Similarly, a statement of the issues or rulings appealed by the appellant enables the appellee in any given case to decide whether a Rule 8B agreed statement is an appropriate form of an appellate record for that case and whether to join with the appellant in preparing such a statement. An identification of the issues then enables the trial judge to assess the adequacy of the parties’ Rule 8B agreed statement, which must be approved by the judge before the Rule 8B appeal can move forward. Rule 8B(c). See Perrault v. Espinal, 2000 Mass. App. Div. 42, 44 n.3. Thus, the adequacy of a Rule 8A or a Rule 8B record cannot be evaluated without notice of the appellate issues to be reviewed and decided on the basis of that record; and approval of that record is essential for the progression and perfection of either method of appeal.
However, as is clear from Rule 3(c), the same considerations are not ordinarily operative when a Rule 8C “appeal on the record of proceedings” is selected as the method of appeal. While Rule 3(c) states that “[t]he notice of appeal shall limit the scope of the appeal,” the rule concludes with the provision that “[t]he statement of issues of law required in section (c)(2), above, shall not prevent the statement of additional or alternative issues for appeal as provided in Rule 8C, below.” See Arequipeno v. Hall, 2000 Mass. App. Div. 97, 98 n.3. As further explained in the Commentary to Rule 3, “the issues for appeal [on a Rule 8C appeal] will be those specified in the appendix to the appellant’s brief.” The distinction derives primarily from the nature of the Rule 8C record on appeal, which consists of a transcript of trial evidence and a documentary appendix. Unlike a Rule 8A expedited appeal or a Rule *158 8B agreed statement, a Rule 8C record is not a summary of trial court evidence and proceedings drafted by one or both of the parties that must be reviewed and approved by the trial judge. And while the transcript must be ordered and obtained by the appellant before the Rule 8C appeal is transmitted by the trial court to the Appellate Division, the appendix, transcript copies, and the briefs of both parties are later filed directly with this Division. Thus, as a Rule 8C appellant may add or substitute entirely different appellate issues in his appendix and brief, any defect or omission in his statement in his notice of appeal of either appellate issues or of the rulings or decision from which they arose cannot be deemed a serious procedural misstep that would per se warrant the dismissal of a regular Rule 8C appeal, i.e., one based on a complete trial transcript. None of the cases advanced by the plaintiffs supports a different conclusion.[4]
Given the distinction, for Rule 3(c) purposes, between Rule 8C and the other two methods of appeal, any motion to dismiss for failure to comply with Rule 3 (c) should be denied as premature if filed, as in this case, prior to the appellant’s opportunity to designate a method of appeal. The plaintiffs’ wholly precipitate motion in this case was filed only 10 days after the defendants’ notice of appeal, at the very commencement, and clearly well before the expiration, of the time periods in which the defendants could have selected a method of appeal. Despite the plaintiffs’ interruption of the appellate process that prevented the defendants’ selection, it is clear that, in this particular case, the defendants could have proceeded only under Rule 8C. Even a cursory review of the trial court docket reveals that the defendants’ filed, inter alia, a postjudgment motion for judgment n.o.v. or for a remittitur that, by definition, challenged the sufficiency of the evidence to support the court’s findings of liability and damages. Appellate review of those issues, and of the defendants’ additional charges of error in evidentiary rulings and jury instructions listed in their proposed amended notice of appeal, could not be undertaken without a full trial transcript. Attachi v. Kephart, 2010 Mass. App. Div. 165, 167; 15-17 University, LLC v. Lucas, 2006 Mass. App. Div. 50, 50-51. A transcript is a component of the record that is submitted to this Division only under Rule 8C. Hamer v. Faneros, 2008 Mass. App. Div. 156, 159. See Petrucelli Constr. Co. v. Barrios, 2011 Mass. App. Div. 47 (no transcript on Rule 8A appeal); Sonogram of New England, Inc. v. Metropolitan Prop. & Cas. Ins. Co., 2002 Mass. App. Div. 68, 71 (no transcript on Rule 8B appeal).
*159 Having determined that the defendants timely commenced what could only have been a regular Rule 8C appeal to this Division, their noncompliance with Rule 3(c) (2) and (3) requirements, for the reasons stated above, did not constitute a “serious misstep ... so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Schulte, supra at 79. The motion judge’s contrary determination implicit in his order of dismissal lacked the necessary “realistic view of the respective purposes,” Vyskocil v. Vyskocil, 376 Mass. 137, 140 (1978), of Rule 3(c) that was required in this matter.
The only remaining consideration for the motion judge was whether the plaintiffs could “justifiably claim prejudice” based on the defendants’ comparatively innocuous procedural misstep at the very earliest stage of their timely appeal. The plaintiffs failed, both in their appellate brief and in response to direct questions during oral argument, to articulate any creditable claim of prejudice in this case. The plaintiffs’ assertion that the defendants’ violation of Rule 3(c) (2) and (3) deprived them of an early opportunity to prepare their argument in opposition to the issues raised on appeal completely ignores that portion of Rule 3(c) that defines the issues on a Rule 8C appeal as those presented in the appellant’s brief and appendix submitted at a much later stage of the process. Further, any delay in the appellate process in this case is attributable solely to the plaintiffs. Finally, in balancing all of the factors involved in the decision whether to dismiss the defendants’ timely appeal, the motion judge should have considered that the defendants had properly raised and preserved numerous reviewable issues of law arising from the lengthy trial of a case that resulted in a jury verdict in excess of $141,000.00.
Based on all of the foregoing, the trial court’s allowance of the plaintiffs’ motion to dismiss the defendants’ appeal was error.
Accordingly, the allowance of the plaintiffs’ motion is vacated, and this case is returned to the trial court for the defendants’ filing, within 30 days, of their Rule 8C “appeal on the record of proceedings” and for their compliance with all additional Rule 8C requirements for the perfection of their appeal, including obtaining a full trial transcript.
So ordered.

 It is unclear what corporate or other legal status Komeeka has, or whether it could be sued in its own name. As nothing in this present procedural appeal turns on the question of Komeeka’s legal status, and as no party has raised it, we do not address the issue.

 Rule 3(c) provides, in part: ‘The notice of appeal shall limit the scope of the appeal and shall contain:... (2) a concise statement of the issues of law presented for review, (3) the judgment, ruling, finding, decision or part thereof being appealed....”

 The cases upon which the plaintiffs rely in their brief are easily distinguished. In both East Coast Mechanical v. O’Leary, 1997 Mass. App. Div. 66 and New England Tech. Sales Corp. v. SEEQ Tech., Inc., 1996 Mass. App. Div. 191, the appellants filed Rule 8A expedited appeals, not Rule 8C appeals. In Sugarman v. Malkemus, 1997 Mass. App. Div. 64, the appellant complied with Rule 3(c), no motion to dismiss the appeal was filed, and there was no discussion of any kind by the Appellate Division of the procedural significance of a failure to comply. Finally, the Appellate Division in Arequipeno v. Hall, supra declined to consider the omission of an appellate issue in the notice of appeal because the appellee had failed to raise the issue fast in the trial court in its motion to dismiss. The Division also distinguished the applicability of Rule 3(c) requirements to Rule 8A and Rule 8B appeals versus Rule 8C appeals. Id. at 98 n.3.