Williams, P.J.
The plaintiff, HRI Services, Inc. (“HRI”), appeals from the allowance of the motion of the defendants, Stephen Simmons and Thomas Zagami (together, “Simmons”), to dismiss HRI’s appeal under Dist./Mun. Cts. R. A. D. A., Rule 8A, for the failure of its notice of appeal to comply with the requirements of Dist./Mun. Cts. R. A. D. A., Rule 3(c). Because Simmons had simultaneously filed an objection to the Rule 8A appeal along with the motion to dismiss the appeal, the Rule 8A appeal was automatically terminated, and there was no appeal to dismiss by the time of the dismissal-motion hearing. Dismissal of the appeal was therefore premature. We return the case to Dedham District Court to allow HRI an opportunity to proceed with a Rule 8C appeal.
Following a jury-waived trial in September, 2011, judgment entered on December 21, 2011 for HRI against the corporate defendant, LSZ, Inc. (“LSZ”) for about $13,000, the trial judge having found LSZ liable for breach of a real estate broker’s contract. On that same date, judgment entered for Simmons after the trial judge found insufficient evidence to pierce the corporate veil of LSZ and that Simmons had not breached G.L.c. 93A in any event.
Thirteen days later, on January 3, 2012, HRI filed a notice of appeal, which stated simply that it “[a]ppeals from the Judgment for the Defendants entered by the trial court and dated December 21, 2011.” This notice did not comply with the requirements of Rule 3(C).[2] Simmons did not move to dismiss HRI’s appeal until after HRI had timely filed its “Expedited Appeal” on January 19,2012,16 days after it had filed its notice of appeal. Rule 8A provides that within 20 days of the notice of appeal, an appellant choosing to proceed under that rule may file an ‘“Expedited Appeal,’ so *53 captioned,” which must include a number of elements.[3]
On January 27,2012, Simmons timely filed an objection to the expedited appeal, Rule 8A(b) ,[4] and also moved to dismiss the appeal because of HRI’s deficient notice of appeal (which had been filed 24 days earlier). Specifically, Simmons argued in its motion to dismiss that HRI’s notice had failed to satisfy two requirements of Rule 3(c), see note 2, supra: the notice had included neither a statement of the issues of law nor the judgment or ruling being appealed. The motion judge, citing East Coast Mechanical v. O’Leary, 1997 Mass. App. Div. 66,[5] allowed the motion and dismissed HRI’s appeal.
*54 In East Coast Mechanical, this Division noted that although a notice of appeal was timely filed and “an Expedited Appeal pursuant to Rule 8A... docketed,” the notice did not include a statement of the issues of law and did not refer to the rulings of which the appellant sought review. We concluded that “the complete omission of any statement of issues sought to be raised on appeal should result in a forfeiture of the right to appellate review.” Id. at 66. The timing of the events in East Coast Mechanical is unknown. Although it appears that the appellant there did what HRI did here, we diverge from the broad result of East Coast Mechanical to the extent we do, given our interpretation of the plain language of Rule 8A(b).
In Smith v. Wright, 2011 Mass. App. Div. 155, while the Northern District noted that “Rule 3(c) content requirements for a notice of appeal are, as a practical matter, critical if the appellant elects to proceed by way of a... Rule 8A[] expedited appeal,” it went on to explain that “[a] specification of issues and rulings [in the appeal notice] permits the trial judge and the appellee to determine whether a Rule 8A expedited appeal prepared by the appellant is an accurate and objective trial court record sufficient to permit this Division’s review of the issues raised by the appellant. If not, then ... the appellee, may file an objection to the expedited appeal that automatically terminates the appellant’s Rule 8A efforts” (citation omitted; emphasis added). Id. at 157.[6]
Here, Simmons’ timely filed objection to HRI’s “Expedited Appeal” “automatically terminated [HRI’s] Rule 8A efforts” upon filing, id., and therefore “further appellate procedures may proceed under either Rule 8B or 8C.” Rule 8A(b). The plain language of the rule, see, e.g., Smaland Beach Ass’n v. Genova, 461 Mass. 214, 225 (2012), mandates a conclusion that the incipient Rule 8A appeal ceased to exist once Simmons filed its objection. There was no appeal to be dismissed by the time of the motion-to-dismiss hearing. HRI would have had, and should have had, 30 days, or until February 27, after the “termination of procedures under Rule 8A,” Rule 8C(b), in which to file and serve on Simmons its “Appeal on the Record of Proceedings” in accordance with Rule 13. (In the event, on January 31, the motion to dismiss was scheduled for hearing on February 17; that motion was taken under advisement and allowed on March 9.)[7]
By operation of Rule 8A itself, then, HRI’s appeal effort had ended when Simmons filed an objection to HRI’s proceeding under that rule. There is no need to review the criteria for a judge’s considering a motion to dismiss an appeal, see Smith, supra at 156, citing Islamov v. Tiomkin, 2011 Mass. App. Div. 13, 15, and none to analyze the preference for the liberal application of the appellate procedural rules so as to relieve a party’s procedural noncompliance in proper circumstances. Oyegbola v. DeSimone, 1995 Mass. App. Div. 91, 94.
So ordered.

 Rule 3(c) provides in pertinent part:
The notice of appeal shall limit the scope of the appeal and shall contain:
(1) a designation of the party or parties taking the appeal,
(2) a concise statement of the issues of law presented for review,
(3) the judgment, ruling, finding, decision or part thereof being appealed....

 An expedited appeal under Rule 8A “is appropriate when the issues are limited in number and fairly clearly defined. It allows an appellant promptly and specifically to describe the issue or issues for appeal,” subject to the opposing party’s objection or an order of the trial court. Commentary to Rule 8A Rule 8A(a) requires that the “Expedited Appeal” include or have attached the following:
(1) a copy of the notice of appeal referred to in Rule 3;
(2) the text of any rulings of law by which the appellant claims to be aggrieved and the related requests for ruling, if any;
(3) a description of the stage of the proceedings at which, and the manner in which, the issues presented for review in the notice of appeal arose;
(4) a summary of the undisputed facts and so much of the evidence, including copies of pleadings and other documents, as may be necessary to decide the questions of law presented;
(5) the text of any memorandum of decision and findings of fact issued by the trial court;
(6) official citations to the essential statutes, rules of court, administrative rules or regulations, municipal ordinances, and town bylaws;
(7) proof of service upon the parties and the trial court of the expedited appeal, including all attachments, pursuant to Rule 13(d); and
(8) and a certification that the expedited appeal contains all the evidence, facts and other material necessary for consideration of the appeal by the Appellate Division.

 Rule 8A(b) provides that “[i]f [the] party [upon whom the appellant has served an expedited appeal] objects to the contents of the expedited appeal, said party, within ten days of filing, shall file in the trial court and serve upon the other parties a written statement of the objections. The timely filing of objections shall automatically terminate further proceedings under this rule.”

 Dicta in other decisions have also signaled that a deficient notice of appeal, particularly in a Rule 8A appeal, might have grim consequences. See Randolph v. Madison Sq. Realty Mgt., Inc., 2008 Mass. App. Div. 186, 187; Magni v. Patriot Home Improvement, 2008 Mass. App. Div. 21, 22; Arequipeno v. Hall, 2000 Mass. App. Ct. 97, 98 n.3, quoting Pettie v. Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 42 (‘“[A] complete omission of any statement of issues in a notice of appeal may well result in a forfeiture of any right to appellate review,’ particularly in a Rule 8A or 8B appeal” [emphasis added]). See also New England Tech. Sales Corp. v. SEEQ Tech., Inc., 1996 Mass. App. Div. 191, 192 (omission of issue from notice of appeal “effectively placed [issue] beyond the limits of appropriate appellate review”). To the extent these cases suggest an inflexible rule mandating dismissal of an appeal in all cases because of a deficient notice, we, as noted below, deviate from that view given our interpretation of Rule 8A as it applies to the procedural facts of this case.

 “If a timely objection is filed or order is entered, the expedited appeal is terminated.” Commentary to Rule 8A.

 In the interim, on February 24, HRI filed a memorandum concerning Simmons’ objection to the expedited appeal, but that memorandum is not included in the record provided to this Division.