Swan, P.J.
Iinda Fortin (“Fortin”) has appealed from the dismissal of her appeal from a judgment in favor of Gaetano Ciriello (“Ciriello”) entered in the Malden District Court The basis of the dismissal was the alleged failure by Fortin to perfect her appeal.
The judgment arose from a summary process complaint brought by Ciriello to evict Fortin from premises in Everett After a two-day trial, a jury returned a verdict for possession only. Judgment entered on December 20, 2013. Fortin filed a timely notice of appeal and a timely appeal on the record of proceedings pursuant to Dist./ Mun. Cts. R. A. D. A., Rule 8C. An appeal bond was set; compact disc (“CD”) copies were made; Fortin filed a designation for transcription; and on February 19, 2014, a transcriber was selected. On June 2, the parties were notified by the court of a gap in the recording of the trial. The gap consisted of about one hour of the direct examination of Ciriello during the first day of trial. The transcript was received by the court on July 8, and forwarded to Fortin the following day.
By a letter dated July 22, 2014 and postmarked July 28, Fortin, who was, and remains, self-represented, wrote to Ciriello’s attorney as follows:
As you are aware, a portion of the trial was not recorded. According to Rule 8C(e), since the missing portion concerned the testimony of the plaintiffs witnesses, it is your responsibility to propose a statement of the evidence from the best available means. Please provide this at you earliest convenience/opportunity.
The attorney’s response was to file on August 15 a motion to dismiss the appeal for failure to perfect, which was allowed.
Counsel based his motion on Dist/Mun. Cts. R. A. D. A., Rule 8C(g), which mandates:
Within thirty days after notice from the trial court clerk of receipt of the transcript from the transcriber, or within thirty days after settlement and approval of a statement of the evidence or proceedings, as the case may be, the appellant shall file six additional copies of the Appeal on the Record of Proceedings.
*81 Ciriello correctly points out that the appellant, Fortin, had the duty to move the appeal forward, and that copies of the appeal on the record of proceedings were not filed. Fortin, however, had a reason for not filing the appeal on the record of proceedings within the required thirty days: she had received a transcript, but it contained an apparently unrecorded, and thus unintelligible, portion. A rule specifically addresses that situation:
If portions of the cassette cannot be transcribed because they are unintelligible, the parties shall promptly use reasonable efforts to stipulate their content. If agreement cannot be reached, the parties shall promptly present their differences as to such portions to the trial judge who heard the testimony. The trial judge shall, if possible, settle the content of the unintelligible portions, which shall then be included in the transcript (emphasis added).
Dist/Mun. Cts. RAD. A, Rule 8C(c) (4).[1]
The rule envisions a cooperative effort by both parties to settle the record, and to do so expeditiously. Within three weeks after receiving the transcript and presumably reviewing it to determine the scope of the inaudible gap, Fortin sent her letter to Ciriello’s counsel. However inartful the letter was and citing incorrectly as it did to an inapplicable rule,[2] we view it in accordance with its intent — as an invocation of Rule 8C(c) (4). Counsel in turn made no efforts, let alone reasonable ones as required by the rule, to stipulate to the content of the missing testimony. Accordingly, no settlement of the record had yet occurred, and the thirty days from which to file copies of the appeal on the record of proceedings under Rule 8C(g) had not yet begun to run. Fortin had to this point engaged in no “serious missteps” or even “relatively innocuous ones” as described by Smith v. Wright, 2011 Mass. App. Div. 155, 156-157, quoting Schulte v. Director of the Div. of Employment Sec., 369 Mass. 74, 79 (1975). *82 Rather, it fell to Ciriello’s counsel to commence this thirty-day timeline by engaging in “reasonable efforts to stipulate” to the missing evidence under Rule 8C(c) (4) and help to settle the record. His failure to adhere to the rule’s command disentitled him to dismissal of Fortin’s appeal.
The order dismissing the appeal is accordingly vacated, and the matter is returned to the Malden District Court for compliance by the parties with Dist./Mun. Cts. R. A. D. A., Rule 8C(c) (4).

 We note that the Appellate Division Rules still use the term “cassette.” We read the term as “CD,” as did the docket clerk.

 The rule that Fortin incorrectly cited is Dist./Mun. Cts. R A D. A, Rule 8C(e), which states:
Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may, within thirty days after the Appeal on the Record of Proceedings is filed, file a statement of the evidence or proceedings from the best available means, including his or her recollection. The statement shall be served on the appellee, who may file objections or proposed amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments thereto shall be submitted to the trial court for settlement and approval and as settled and approved shall be included in the case file and, as necessary, included in the appellanf s appendix to the brief.
As noted, in this case, a transcript was available, albeit with a missing portion. Rule 8C(e), which addresses unavailable transcripts, was thus inapplicable to this appeal.