Nestor, J.
Joseph Bianco (“Bianco”) owns a two-family house at 207-209 Ferry Street in Everett. He rents both units. One of the units is rented to Allison Graham and her elderly father Arthur Graham (“Grahams”). Bianco served a fourteen-day notice to quit on the Grahams on September 4, 2014. The notice to quit alleged that various rent payments for June, 2014, through September, 2014, had not been paid. On October 6, Allison Graham filed an answer with numerous defenses and counterclaims. She also requested a jury trial. Arthur Graham is an elderly man who suffers from numerous debilitating physical ailments. He never filed an answer or appeared on any of the multiple court dates.
This case presents a somewhat complicated procedural history that ultimately resulted in a bench trial being held on January 15,2015. At the initial hearing date of October 9,2014, the parties entered into an agreement that was accepted and adopted by the court. On October 16, Allison Graham filed a motion to vacate the agreement, alleging that the terms of the agreement did not accurately reflect the understanding that was actually reached between the parties. The motion to vacate the agreement was heard and denied on October 30. Bianco then filed a motion for execution, which was heard on November 13. The hearing judge took the matter under advisement and ultimately issued a ruling requiring the Grahams to make payments due and payable under the agreement. Bianco then returned to court on November 20, seeking execution on the judgment. A different judge was sitting that day, and he continued it for the judge to clarify her ruling of November 13. On the next court date, December 4, yet a different judge was on the bench. He took the matter under advisement and continued the case until December 18. This subsequent event was ostensibly a hearing on a motion to stay execution filed by Allison Graham because the eviction was set to occur the following day. Arthur Graham had never been physically fit enough to come to court so he was never part of the agreement that had been reached, and he had never been defaulted. The judge vacated the previous agreement for judgment and the execution, and the matter was set for trial on January 15,2015.
On January 15, a jury-waived trial was held. Arthur Graham did not appear, and a default judgment was entered against him. Prior to the commencement of the trial, there was no verbal or written waiver by Allison Graham of her demand for a jury trial. Allison Graham and Bianco were the only two witnesses who testified. There *194 was extensive testimony taken about rent owed from November, 2014, through February, 2015. No evidence, however, was presented on any rent not paid prior to the fourteen-day notice to quit dated September 3, 2014. Allison Graham presented no evidence on her counterclaims, and they were not addressed during the trial or in the judge’s decision on the case. On January 16, judgment entered for Bianco for possession and rent owed from November, 2014, through February, 2015. No findings or rulings were entered on Allison Graham’s counterclaims.
Massachusetts Rule of Civil Procedure 38 sets out the procedure by which a party may claim a jury trial. Uniform Summary Process Rule 8 makes Mass. R. Civ. P., Rule 38, applicable to all summary process proceedings. Graham properly requested a jury trial in her answer.
Massachusetts Rule of Civil Procedure 39(a) delineates the specific manner in which a right to a jury trial may be waived:
The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury as to some or all of the issues or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the constitution or statutes of this commonwealth.
“The right of a trial by jury is declared by part 1, art. 15 of the Constitution of the Commonwealth of Massachusetts, which provides that ‘parties have a right to a trial by jury; and this method of procedure shall be held sacred.’” Northeast Line Constr. Corp. v. J.E. Guertin Co., 80 Mass. App. Ct. 646, 649 (2011).
Allison Graham failed to raise this issue in her notice of appeal. An appellant, however, may raise additional issues in its Dist./Mun. Cts. R. A. D. A., Rule 8C, brief. Smith v. Wright, 2011 Mass. App. Div. 155, 157. Allison Graham has preserved the issue by raising it in both her appellant’s brief and the reply brief.
There is no evidence that Allison Graham waived her right to a trial by jury. There is no record of Graham’s counterclaims being ruled upon. Accordingly, judgment for the plaintiff is vacated, and the case is returned to the Malden District Court for a jury trial.